# THE UNITED STATES WIND, ENGINE AND PUMP COMPANY v. THE MANUFACTURERS AUTOMATIC SPRINKLER COMPANY, Appellant.

### St. Louis Court of Appeals, April 10, 1900.

1. **Contract, Implied Conditions in.** It is the law, in the absence of any express agreement to that effect, that there is an implied condition in every working contract, that the work shall be performed in a proper and workmanlike manner, within a reasonable time, and that it shall be serviceable for the purpose for which it was constructed.

2. ———: ———: INSTRUCTIONS: EVIDENCE. And when the evidence in a particular case discloses that a workmanlike performance of a construction contract requires the use of certain instrumentalities which are also customarily used by skillful workmen engaged in the same duty, it is not reversible error to tell the jury, as the instruction in the case at bar did, that they should find for the defendant if they believed from the evidence that the failure of plaintiff to employ such appliances was a non-performance of the contract preventing any recovery thereon.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Fauntleroy, Howe & Fauntleroy, Henry U. Johnson* for appellant.

The refusal of the court to give to the jury instruction number 3, requested by the defendant, was error. This error was not remedied by any other instruction given by the court. The instruction should have been given. It stated a correct proposition of law, was warranted by the terms of the contract between plaintiff and defendant under which the tank in question was constructed and erected, when reasonably and legally interpreted and construed, and was applicable to evidence in the case. 1 Pars. on Con. (5 Ed.), p. 464; Bishop on Contracts (Enlarged Edition), p. 28, sec. 71; 5 Rights, Remedies and Practice (Lawson), sec. 2264; 1 Waite's Actions and Defenses, p. 111, sec. 22; 29 Eng. & Am. Ency. of Law (1 Ed.), p. 890; 3 Eng. & Am. Ency. of Law (1 Ed.), p. 868; Denmead v. Coburn, 15 Md. p. 29; Ricker v. Cutter, 74 Mass., p. 248; Perine v. Stanfield, 107 Mich., p. 553.

*O'Neill Ryan* and *Adiel Sherwood* for plaintiff.

(1) Where there is conflicting evidence the facts will be taken as found. The judgment is conclusive if there is any legal evidence to support it. Huckhorn v. Hartweg, 81 Mo. 648; Hamilton v. Berry, 74 Mo. 176; Dalton v. Bank, 54 Mo. 105; Scruggs v. Scruggs, 41 Mo. 243; Wall v. Shindler, 47 Mo. 282; Hamilton v. Boggess, 63 Mo. 233. (2) Where rejected evidence would not change the result, or where erroneous instructions work no prejudice, the

judgment, being for the right party, will be affirmed. Every presumption is in favor of the jury's finding. Madison v. Mason, 102 Ind. 38; Edwards v. Parker, 28 Kan. 700; Railroad v. Grimes, 38 Kan. 241; Dalby v. Snuffer, 57 Mo. 294; Dorr v. School Dist., 40 Ark. 243; Fairbanks v. Long, 91 Mo. 628, 635; Whitaker v. Voorjees, 38 Kan. 71; Felix v. Scharnweber, 119 Ill. 446; McLean v. P. G. Assn., 64 Mo. App. 55; State v. Cook, 58 Mo. 546; Hearne v. Heath, 63 Mo. 84; Moore v. Davis, 51 Mo. 233.

BOND, J.—Plaintiff sues for the stipulated price of placing a water tank on a building in this city at the instance and request of defendant. There were other causes of action separately alleged in the petition, as to which no defense was interposed. To the one above stated defendant answered that in furtherance of its contract to equip the building in question with a fire extinguishing apparatus, it gave the plaintiff a written direction, concluding in the following terms: "As per quotations kindly put up 12x12 Gravity Tank with conical shaped roof, painted with two coats of best metallic paint, erected on one fifteen-foot tower with ladders and boxed around pipes, two layers of flooring, making everything complete, and leaving roof of building in as good condition as when found, price $375. This is to go on the Beck & Corbett Iron Co. Payment 60 days after completion of work." The answer further avers that the work done by plaintiff under this written order was so negligently and carelessly performed, that the tank when placed on the building, leaked, and was so imperfectly supported that when it was filled with water, its weight and leakage caused the walls of the building upon which it rested to give way and precipitated the tank to the ground; that notice of these defects in its construction was given to plaintiff during the progress of the work, and also of the danger which

would come from its use for the purposes intended, notwith-standing which plaintiff failed to remedy its defects and caused it to be filled with water, resulting as above stated. As to the matters alleged in the answer, the evidence ad-duced on the trial was conflicting. There was a verdict and judgment for plaintiff, from which defendant appealed.

The errors assigned relate solely to the giving and re-fusal of instructions. The substance of the first instruction (No. 3) given by the court, to which appellant objects, is that if constructors of tanks customarily placed them on footings of iron or steel plate, and if plaintiff under the writ-ten order given to him should have furnished such supports for the tank and by reason only of the failure to use such supports in the construction of the tank the walls upon which it rested gave way and the tank fell to the ground, then the verdict should be for defendant. There was no re-versible error in this instruction under the rules of law ap-plicable to the issues which arose upon the evidence adduced on the trial. By the testimony of McMath and other wit-nesses defendant sought to show that the "usual" way of constructing tanks was to support them in the manner as-sumed in the instruction, and that had plaintiff conformed to this custom no injury or loss would have happened. It is undoubtedly the law, in the absence of any express agree-ment to that effect, that there is an implied condition in every working contract that the work shall be performed in a proper and workmanlike manner within a reasonable time, and that it shall be serviceable for the purpose for which it was constructed. Where the evidence in a particular case discloses that a workmanlike performance of a construction contract requires the use of certain instrumentalities which are also customarily used by skillful workmen engaged in the same duty, it is not reversible error to tell the jury, as the instruction under review did, that they should find for

the defendant if they believed from the evidence that the failure of plaintiff to employ such appliances was a nonperformance of the contract preventing any recovery thereon. The custom and habit of skillful and prudent workmen in the performance of their duties tends to establish a rule of ordinary care and workmanlike performance, which should be required of other mechanics undertaking to perform similar duties. And where, as in the present case, the evidence conclusively shows that if there was any negligence on the part of plaintiff it arose from the failure to use certain appliances which competent and prudent mechanics would have adopted for the performance of the same work. The jury could not have been misled by a direction which in effect told them that such custom was applicable to the discharge of the duties assumed by plaintiff. The instruction under review, together with instructions numbers 1, 2 and 4, given by the court, fairly comprehended all the issues raised by the evidence in this case, as well as the legal propositions involved in the four instructions requested by defendant and refused by the court, hence there was no error in the declination of these requests, and the judgment herein is affirmed. Judge *Bland* concurs; Judge *Biggs* absent.